UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TRI STATE HONEY, LLC, | ) </br> ) </br> ) |
| Plaintiff, | ) Case No. 25-00080 </br> ) |
| vs. | ) </br> ) </br> ) |
| UNITED STATES OF AMERICA | ) </br> ) |
| Defendant. | |

## COMPLAINT

## FACTS

1. Tri State Honey, LLC, (Plaintiff) seeks the release of eleven shipments of honey that U.S. Customs and Border Protection (CBP) has been holding for nearly a year without explanation or justification.

2. On September 27, 2024, Plaintiff filed a Protest and Request for Accelerated Disposition (number 460124137827), requesting accelerated disposition under 19 C.F.R. § 174.22. Plaintiff specifically requested that CBP, within thirty days, provide Plaintiff with CBP's country of origin laboratory test results and the methodology used to justify the detention or exclusion of the merchandise. Additionally, Plaintiff requested that CBP, within thirty days, release a sample of the detained merchandise to Plaintiff to allow Plaintiff to conduct its own laboratory testing.

3. These are the shipments at issue:

| Entry Number | Date of Entry |
|---|---|
| 609-0639114-3 | 05/24/2024 |
| 609-0638827-1 | 04/25/2024 |

| | |
|---|---|
| 609-0638828-9 | 04/13/2024 |
| 609-0639860-1 | 05/03/2024 |
| 609-0639405-5 | 05/24/2024 |
| 609-0639675-3 | 05/24/2024 |
| 609-0639612-6 | 05/24/2024 |
| 609-0640206-4 | 05/08/2024 |
| 609-0639859-3 | 05/03/2024 |
| 609-0640693-3 | 08/08/2024 |
| 609-0640690-9 | 08/08/2024 |

4.   CBP failed to respond to Plaintiff's Protest and Request for Accelerated Disposition. Therefore, under 19 U.S.C. § 1515(b) and 19 C.F.R. § 174.22(d), Plaintiff's Protest and Request for Accelerated Disposition is deemed denied.

5.   On September 23, 2024, CBP conducted a supplier verification visit in Taiwan on three of Plaintiff's suppliers and on one factory that processed honey for Plaintiff's suppliers. CBP may have collected samples for laboratory testing. CBP did not notify Plaintiff of this visit and has not formally explained the relevance, if any, of this visit to the detention or exclusion of Plaintiff's honey. Moreover, CBP failed to provide Plaintiff with any laboratory test results or methodology for any laboratory tests that CBP conducted on honey during this visit.

6.   Plaintiff is filing this lawsuit to challenge CBP's deemed denial within the 180-day deadline under 28 U.S.C. § 2632 and 19 C.F.R. § 174.31.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(a), 19 U.S.C. § 1514(a), 19 U.S.C. § 1515(b), 28 U.S.C. § 2643(c)(1), and 28 U.S.C. § 1585.

7. Plaintiff's honey was produced in Taiwan. CBP failed to provide any evidence, including laboratory test results, supporting its claim that the honey was produced in China, not Taiwan. Additionally, CBP did not allow Plaintiff to conduct its own laboratory testing to verify the country of production of the honey in CBP's custody.

8. Plaintiff never received any official written notice or official written explanation from CBP regarding the search, inspection, detention, seizure, hold, or exclusion of Plaintiff's honey that is the subject of this lawsuit.

9. Plaintiff has complied with all requirements necessary for lawfully importing its honey into the United States and CBP has a ministerial duty to release Plaintiff's honey.

10. CBP previously detained other shipments of honey from Plaintiff but later released those shipments and allowed entry once Plaintiff provided laboratory test results and documentation confirming Taiwan as the country of origin. These shipments were from the same Taiwanese suppliers and factory as the honey currently in CBP's custody. CBP has not provided an official explanation or justification for the inconsistent treatment of Plaintiff's shipments, and its actions have been arbitrary and capricious.

FIRST CAUSE OF ACTION

1. CBP seriously injured Plaintiff and violated Plaintiff's procedural due process rights by refusing to disclose why it is not releasing Plaintiff's honey, by withholding evidence and findings from Plaintiff as to the country of production of Plaintiff's honey, and by failing to provide Plaintiff with the opportunity to defend itself and to be heard. CBP did not notify Plaintiff in writing of CBP's inspection, search, detention, seizure, hold and/or refusal to release

Plaintiff's honey. CBP unlawfully deprived Plaintiff of its property without due process of law in violation of the Fifth Amendment to the Constitution of the United States.

SECOND CAUSE OF ACTION

2. In violation of 19 USC § 1499(c)(2), CBP did not provide the required Notice of Detention to Plaintiff. The Notice of Detention would have given Plaintiff the specific reason for the detention, the anticipated length of the detention; the nature of the tests or inquiries to be conducted; the nature of any information which, if supplied to the Customs Service, may accelerate the disposition of the detention.

THIRD CAUSE OF ACTION

3. CBP refuses to release Plaintiff's honey for entry. CBP has not provided any formal, written notice to Plaintiff for its refusal.

FOURTH CAUSE OF ACTION

4. CBP refuses to share with Plaintiff the laboratory testing that CBP has done and the methodology it has used on Plaintiff's honey. CBP has not provided any formal, written notice to Plaintiff for its refusal.

FIFTH CAUSE OF ACTION

5. In violation of 19 USC § 1499(b)(3), CBP refuses to allow Plaintiff to conduct its own laboratory testing on the honey to determine the country of production. CBP has not provided any formal, written notice to Plaintiff for its refusal.

SIXTH CAUSE OF ACTION

6. As a result of CBP's unjustified actions, Plaintiff suffered economic damages, including the loss of the honey, demurrage charges, lost sales and profits, the cost of replacement

shipments, and damages to Plaintiff's business reputation. Plaintiff estimates its total damages exceed $4 million. Plaintiff seeks to recover damages under the Federal Tort Claims Act.

## PRAYER

For the reasons outlined above, Plaintiff respectfully requests that the Court:

1. Enter judgment in favor of Plaintiff and order the immediate release of all honey currently in CBP's possession or control.

2. Award Plaintiff attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, because CBP's actions were not substantially justified.

3. Award at least $4 million in monetary damages to Plaintiff under the Federal Tort Claims Act for CBP's negligent and intentional actions that have financially harmed Plaintiff.

4. Order CBP through a writ of mandamus or other appropriate relief to immediately surrender the laboratory test methodologies and results it relied upon to justify the exclusion or detention of Plaintiff's honey.

5. Order CBP through a writ of mandamus or other appropriate relief to disclose the name of the laboratory and the contact information of the individuals who conducted the laboratory tests that formed the basis for the detention/exclusion.

6. Order CBP through a writ of mandamus or other appropriate relief to allow Plaintiff with immediate access to the honey in CBP's custody to allow Plaintiff to conduct its own laboratory testing.

7. Order CBP through a writ of mandamus or other appropriate relief to identify commercial laboratories that Plaintiff may use and that CBP recognizes for determining the country of origin of imported honey.

8. Order CBP through a writ of mandamus or other appropriate relief to provide Plaintiff with any laboratory test results that CBP will perform on Plaintiff's honey in the future.

9. Grant Plaintiff the authority to file additional protests or requests for relief if the Court remands any portion of this matter to the administrative level.

10. Retain jurisdiction to ensure CBP's compliance with the relief granted by the Court.

Plaintiff further requests such other and further relief as the Court deems just and proper.

/s/ Oscar Gonzalez
OSCAR GONZALEZ
oscarg@internationaltrade.law
469.774.47903

/s/ Ruth Rodriguez
RUTH RODRIGUEZ
ruthr@internationaltrade.law
469.767.0367

GONZALEZ ROLON *et al*, LLC
2911 Turtle Creek Boulevard, Suite 300
Dallas, Texas 75219

ATTORNEYS FOR PLAINTIFF
TRI STATE HONEY, LLC

April 29, 2025