UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| TRI STATE HONEY, LLC, | |
| Plaintiff, | |
| v. | Court No. 25-00080 |
| UNITED STATES, | |
| Defendant. | |

## **ORDER**

Upon reading defendant's motion to dismiss for lack of subject-matter jurisdiction, plaintiff's response thereto; and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion be, and hereby is granted; and it is further

**ORDERED** that this action is dismissed.

_____
Judge

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JOSEPH A. LAROSKI, JR., JUDGE

| | |
|---|---|
| TRI STATE HONEY, LLC, | : |
| Plaintiff, | : |
| v. | : Court No. 25-00080 |
| UNITED STATES, | : |
| Defendant. | : |

**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF SUBJECT-MATTER JURISDICTION**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

Of Counsel:
SYDNEY JACKSON
ALEXANDRA KHREBTUKOVA
International Trade Litigation
U.S. Customs and Border Protection

LUKE MATHERS
NICO GURIAN
Trial Attorneys
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9236

Dated: June 30, 2025

*Attorneys for Defendant*

## **TABLE OF CONTENTS**

BACKGROUND ............................................................................................................................. 2

ARGUMENT ................................................................................................................................. 2

    I.    Standard of Review ................................................................................................. 2

    II.    The Court Lacks Jurisdiction Because Tri State Failed To Timely Commence Suit ......... 3

CONCLUSION .............................................................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**

*CR Indus. v. United States*,
  10 C.I.T. 561 (1986) ............................................................................................................... 2

*Eastern Transp. Co. v. United States*,
  272 U.S. 675 (1927) ............................................................................................................... 3

*McMahon v. United States*,
  342 U.S. 25 (1951) ................................................................................................................. 3

*McNutt v. Gen. Motors Acceptance Corp.*,
  298 U.S. 178 (1936)................................................................................................................ 2

*Pollak Import-Export Corp. v. United States*,
  52 F.3d 303 (Fed. Cir. 1995) .................................................................................................. 5

*RHI Holdings, Inc. v. United States*,
  142 F.3d 1459 (Fed. Cir. 1998) .............................................................................................. 5

*Ruckelshaus v. Sierra Club*,
  463 U.S. 680 (1993) ............................................................................................................... 3

*Steel Co. v. Citizens For A Better Env't*,
  523 U.S. 83 (1998).................................................................................................................. 2

*United States v. Mitchell*,
  445 U.S. 535 (1980) ............................................................................................................... 3

*Wally Packaging, Inc. v. United States*,
  578 F. Supp. 1408 (Ct. Int'l Trade 1984) ........................................................................... 3, 5

**Statutes**

19 U.S.C. § 1514................................................................................................................................. 3

19 U.S.C. § 1515............................................................................................................................. 3, 4

19 U.S.C. § 1515(b)..................................................................................................................... 2, 4, 5

28 U.S.C. § 1581................................................................................................................................. 3

28 U.S.C. § 1581(a) ................................................................................................................ 1, 2, 3, 4

28 U.S.C. § 2636(a)(2) ............................................................................................................... 1, 4, 5

**Rules**

USCIT Rule 12(b)(1) ............................................................................................................. 1

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JOSEPH A. LAROSKI, JR., JUDGE

|  |  |
|---|---|
| TRI STATE HONEY, LLC, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Court No. 25-00080 |
| : | |
| UNITED STATES, : | |
| : | |
| Defendant. : | |

**DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF SUBJECT-MATTER JURISDICTION**

Pursuant to Rule 12(b)(1) of the United States Court of International Trade, defendant, United States (the Government), respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction.

As will be discussed below, the Court does not have jurisdiction pursuant to 28 U.S.C. § 1581(a) because plaintiff, Tri State Honey, LLC (Tri State), failed to timely commence this action. Among the threshold prerequisites for jurisdiction under section 1581(a) is that the summons must be timely filed within the statutory deadline after U.S. Customs and Border Protection (Customs), has denied an administrative protest. In particular, 28 U.S.C. § 2636(a)(2) provides that where, as here, the protest was denied by operation of law, a civil action contesting such a protest denial "is barred" unless commenced within 180 days "after the date of denial of [the] protest by operation of law." In this case, as explained below, that meant that Tri State had to commence this action by April 25, 2025. Because Tri State filed its summons on April 29, 2025, the case is untimely and therefore barred under section 2636(a)(2), and should be dismissed.

# BACKGROUND

According to the complaint, Tri State imported eleven shipments of honey through the Port of Newark between April 13, 2024, and August 8, 2024. Compl. (ECF No. 6 ) ¶ 3. Tri State alleges that Customs "has been holding [the shipments] for nearly a year without explanation or justification," and that Tri State therefore filed a protest requesting that Customs provide Tri State with certain information "used to justify the detention or exclusion of the merchandise." *Id.* ¶ 2. Tri State's protest, which is styled as "against the decision to exclude the merchandise," was assigned protest number 4601-24-137827 and included a request for accelerated disposition. *Id.* Tri State mailed its protest and request for accelerated disposition to Customs, by certified mail, on September 27, 2024. *Id.*; *see also* Ex. A (Tri State Protest Mailing Envelope); Ex. B (Tracking Screenshot). Customs neither allowed nor denied Tri State's protest in whole or in part, meaning that, as explained below, the protest was deemed denied by operation of law under 19 U.S.C. § 1515(b). Compl. ¶ 4. Tri State filed the summons and complaint in this case on April 29, 2025, invoking the Court's jurisdiction under 28 U.S.C. § 1581(a). Compl. ¶ 6.

# ARGUMENT

### I.  Standard of Review

The Court's determination of subject matter jurisdiction is a threshold inquiry. *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 94–95 (1998). "It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof." *CR Indus. v. United States*, 10 C.I.T. 561, 562 (1986). When jurisdiction is challenged pursuant to Rule 12(b)(1), a plaintiff has the burden of establishing the basis for jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Wally Packaging, Inc. v.*

*United States*, 578 F. Supp. 1408, 1410 (Ct. Int'l Trade 1984) ("When the Court's jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that jurisdiction exists.").

Furthermore, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued …, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citations omitted). A waiver of sovereign immunity must be unequivocally expressed, not merely implied. *Id*. In other words, "[w]aivers of immunity must be 'construed strictly in favor of the sovereign,' and not 'enlarge[d] … beyond what the language requires.'" *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1993) (first quoting *McMahon v. United States*, 342 U.S. 25, 27 (1951), then quoting *Eastern Transp. Co. v. United States*, 272 U.S. 675, 686 (1927)).

The precise expression of consent to suit are the jurisdictional statutes enacted by Congress which authorize suit against the United States only under certain conditions. As relevant here, subject-matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1581. Thus, although the United States has consented to be sued in this Court, such suits may only be permitted if the conditions of that statute are met.

## II. The Court Lacks Jurisdiction Because Tri State Failed To Timely Commence Suit

Tri State's summons and complaint invokes this Court's jurisdiction under 28 U.S.C. § 1581(a), which provides this Court with exclusive jurisdiction over "any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." Section 515 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1515, governs Customs' review of and decisions on protests filed in accordance with section 514 of the Act, as amended, 19 U.S.C. § 1514, and also provides a mechanism, known as "accelerated disposition,"

whereby the protestant, at its voluntary election, can force a deemed denial of the protest by operation of law in order to get to court sooner, without waiting for the outcome of Customs' administrative review. Specifically, section 1515(b) provides that the protestant may request such accelerated disposition of its protest at "any time concurrent with or following the filing of such protest," by sending the request to Customs by "certified or registered mail." *Id.* The statute goes on to explain that:

> For purposes of section 1581 of title 28, a protest which has not been allowed or denied in whole or in part within *thirty days following the date of mailing by certified or registered mail* of a request for accelerated disposition shall be deemed denied on the thirtieth day following mailing of such a request.

*Id.* (emphasis added). In other words, if Customs does not act on a request for accelerated disposition within thirty days of the *mailing* of the request, the protest is deemed denied by operation of law on the thirtieth day.

Although section 1581(a) provides the Court with exclusive jurisdiction over civil actions challenging the denial of protests under section 1515, 28 U.S.C. § 2636(a)(2) requires, in relevant part, that such actions be commenced pursuant to the rules of this Court "within one hundred and eighty days after the date of a denial of a protest by operation of law" under section 1515(b), *i.e.*, thirty days after the mailing of the request for accelerated disposition.

Here, Tri State sent, by certified mail, its protest and request for accelerated disposition to Customs on September 27, 2024. Compl. ¶ 2 ("On September 27, 2024, Plaintiff filed a Protest and Request for Accelerated Disposition (number 460124137827) . . . . ); Mailing Envelope (indicating the date of mailing of the protest and request for accelerated disposition to be September 27, 2024); Tracking Screenshot (depicting tracking history for Tri State's protest and request for accelerated disposition mailing and indicating the protest and request for accelerated

4

disposition departed the post office in Cedar Hill, Texas on September 27, 2024).  That means that under section 1515(b), Tri State's protest was deemed denied by operation of law on October 27, 2024, thirty days after mailing on September 27, 2024.  That in turn means that under section 2636(a)(2), Tri State was required to commence a civil action challenging that denial on or before April 25, 2025, 180 days after October 27, 2024.

Tri State, however, filed the summons and complaint in this case on April 29, 2025, four calendar days (and two business days) after the deadline imposed by section 2636(a)(2) had passed.  Accordingly, this civil action is "barred" under section 2636(a)(2).  *See, e.g.*, *Pollak Import-Export Corp. v. United States*, 52 F.3d 303, 306 (Fed. Cir. 1995) (filing suit "within 180 days after the denial of a protest" is a "jurisdictional requisite[]" under 28 U.S.C. § 2636(a)); *Wally Packaging, Inc.*, 578 F. Supp. at 1410 (dismissing for lack subject matter jurisdiction where a summons invoking 28 U.S.C. § 1581(a) "was untimely because it was filed more than 180 days after the … protest denial" because "[f]ailure to file a timely summons deprives this Court of subject matter jurisdiction") (citation omitted).  There are no exceptions to this jurisdictional rule.  *See, e.g.*, *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1462–63 (Fed. Cir. 1998) (holding a similar jurisdictional statute requiring suit to be brought within two years of the date of mailing of notice of an administrative decision had "no implied equitable exception").

In sum, Tri State voluntarily invoked the accelerated-disposition mechanism of section 1515(b) to force a faster denial of its protest by operation of law but failed to timely commence its suit to contest the denial of that protest.  Accordingly, this Court lacks jurisdiction to consider Tri State's suit contesting the denial of its protest.

5

## **CONCLUSION**

For the foregoing reasons, this Court should grant the Government's motion to dismiss.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

Of Counsel:
SYDNEY JACKSON
ALEXANDRA KHREBTUKOVA
International Trade Litigation
U.S. Customs and Border Protection

/s/ Luke Mathers
LUKE MATHERS
NICO GURIAN
Trial Attorneys
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9236

Dated: June 30, 2025

*Attorneys for Defendant*

6

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JOSEPH A. LAROSKI, JR., JUDGE

| | | |
|---|---|---|
| TRI STATE HONEY, LLC, | : | |
| Plaintiff, | : | |
| v. | : | Court No. 25-00080 |
| UNITED STATES, | : | |
| Defendant. | : | |

**CERTIFICATE OF COMPLIANCE**

I, Luke Mathers, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing brief, relying upon the word count feature of the word processing program used to prepare the brief, certify that this brief complies with the word count limitation under the Court's standard chambers procedures, and contains 1,474 words.

/s/ Luke Mathers
LUKE MATHERS